UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| XU JUN ZHEN, XINGJIE DONG, KATHERINE YANG, RUBEN FENG FENG, JUNJIE CHEN, YINGYING LEI, and HUI JING WONG<br><br>Plaintiffs,<br><br>-against-<br><br>HPMT INC. d/b/a MT. SHOOTAO HOT POT, ZI HUI WANG, and YUAN FANG,<br><br>Defendants. | **No. 26 Civ. 8900**<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMAND** |

Plaintiffs Xu Jun Zhen, XingJie Dong, Katherine Yang, Ruben Feng Feng, Junjie Chen, YingYing Lei, and Hui Jing Wong (together, "Plaintiffs"), by their attorneys Pechman Law Group PLLC, complaining of Defendants HPMT Inc. d/b/a Mt. ShooTao Hot Pot ("Mt. ShooTao" or the "Corporate Defendant"), Zi Hui Wang, and Yuan Fang (collectively, "Defendants"), allege:

## NATURE OF THE ACTION

1. Throughout their employment at the Mt. ShooTao Hot Pot restaurant in Manhattan, Plaintiffs regularly worked well in excess of forty hours per workweek but were paid flat daily or monthly rates that did not compensate them at the statutory minimum wage for all hours worked and did not compensate them at one and one-half times their regular rates of pay for hours worked over forty per workweek.

2. Defendants further failed to pay Plaintiffs spread-of-hours pay for days on which their workday spanned more than ten hours, unlawfully retained a percentage of the tips they earned, failed to pay Plaintiffs their wages on a timely basis, and failed to furnish Plaintiffs with wage notices at the time of hiring and accurate wage statements with each payment of wages.

3. Plaintiffs bring this action to recover unpaid minimum wages, unpaid overtime wages, unlawfully retained gratuities, spread-of-hours pay, liquidated damages, statutory damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the New York Labor Law § 190 *et seq.* ("NYLL"), and the New York State Wage Theft Prevention Act ("WTPA").

## JURISDICTION

4. This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337, and it has supplemental jurisdiction over Plaintiffs' NYLL claims pursuant to 28 U.S.C. § 1367.

## VENUE

5. Venue is proper in the Southern District of New York under 28 U.S.C. § 1391 because the events and omissions giving rise to Plaintiffs' claims occurred primarily in New York County, within this District.

## THE PARTIES

**Plaintiff Xu Jun Zhen**

6. Xu Jun Zhen resides in Kings County, New York.

7. Xu Jun Zhen worked for Mt. ShooTao Hot Pot as a server from approximately May 2026 to approximately August 2026.

**Plaintiff XingJie Dong**

8. XingJie Dong resides in Kings County, New York.

9. XingJie Dong has worked for Mt. ShooTao Hot Pot as a server from approximately December 2025 to the present.

**Plaintiff Katherine Yang**

10. Katherine Yang resides in Kings County, New York.

11. Katherine Yang worked for Mt. ShooTao Hot Pot as a server from approximately August 2025 to approximately May 2026, and then again from September 28, 2026 to present.

**Plaintiff Ruben Feng Feng**

12. Ruben Feng Feng resides in Kings County, New York.

13. Ruben Feng Feng has worked for Mt. ShooTao Hot Pot as a server from approximately August 2025 to the present.

**Plaintiff Junjie Chen**

14. Junjie Chen resides in Kings County, New York.

15. Junjie Chen has worked for Mt. ShooTao Hot Pot as a server from approximately August 2026 to the present.

**Plaintiff YingYing Lei**

16. YingYing Lei resides in Kings County, New York.

17. YingYing Lei worked for Mt. ShooTao Hot Pot as kitchen staff from approximately September 2025 to approximately February 2026.

**Plaintiff Hui Jing Wong**

18. Hui Jing Wong resides in Kings County, New York.

19. Hui Jing Wong has worked for Mt. ShooTao Hot Pot as server from approximately February 13, 2026 through present.

**Defendant HPMT Inc.**

18. Defendant HPMT Inc. is a New York domestic business corporation with its principal place of business located at 35 West 35th Street, New York, New York 10001.

19. HPMT Inc. owns, operates, and does business as "Mt. ShooTao Hot Pot," a hot pot restaurant located at 35 West 35th Street, New York, New York 10001, where Plaintiffs were or are employed.

20. HPMT Inc. is an “enterprise engaged in commerce” within the meaning of the FLSA.

21. HPMT Inc. has employees engaged in commerce or in the production of goods for commerce, or handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person within the meaning of the FLSA.

22. In each year of its operation preceding the filing of this Complaint, HPMT Inc.’s annual gross volume of sales made, or business done exceeded $500,000.

23. HPMT Inc. is an employer within the meaning of the FLSA and NYLL and employed Plaintiffs.

**Defendant Zi Hui Wang**

25. Defendant Zi Hui Wang is an owner and operator of Mt. ShooTao Hot Pot.

26. Zi Hui Wang is the Chief Executive Officer of HPMT Inc., as reflected in the entity’s New York State Department of State filings.

27. Zi Hui Wang is a named principal on the on-premises liquor license issued for the Restaurant by the New York State Liquor Authority.

28. Zi Hui Wang, together with Yuan Fang and restaurant manager Jackie, determines the wage rates of Mt. ShooTao Hot Pot employees, including the wage rates of Plaintiffs, and is responsible for the payment of their wages.

29. Zi Hui Wang, together with restaurant manager Jackie, manages Mt. ShooTao Hot Pot’s front-of-house and kitchen operations, including the purchasing of ingredients and giving instructions to the Manager and employees.

30. Zi Hui Wang set and communicated the policy of deducting a percentage of the tipped gratuities from Plaintiffs.

31. Zi Hui Wang is responsible for paying Plaintiffs and the other Mt. ShooTao

Hot Pot employees.

32. Zihui Wang exercised sufficient control over the operations of Mt. ShooTao Hot Pot to be considered Plaintiffs' employer under the FLSA and NYLL.

**Defendant Yuan Fang**

31. Defendant Yuan Fang is an owner and operator of Mt. ShooTao Hot Pot.

32. Yuan Fang is a named principal on the on-premises liquor license issued for the Restaurant by the New York State Liquor Authority.

33. Yuan Fang is primarily responsible for advertising and promotion of Mt. ShooTao Hot Pot but also for the front-of-house and kitchen operations. For example, Yuan Fang instructed the duties of employees, including Plaintiffs, through the restaurant manager Jackie.

34. Yuan Fang exercised sufficient control over the operations of Mt. ShooTao Hot Pot to be considered Plaintiffs' employer under the FLSA and NYLL.

## FACTUAL ALLEGATIONS

35. Throughout their employment at Mt. ShooTao Hot Pot, Plaintiffs performed the work of servers, food preparers, and kitchen staff at the Restaurant.

36. Throughout their employment, Plaintiffs regularly worked more than forty hours per workweek.

37. Defendants did not require Plaintiffs to clock in and clock out, and did not otherwise maintain an accurate record of the hours they worked.

38. Defendants paid the servers, including Plaintiffs Xu Jun Zhen, XingJie Dong, Katherine Yang, Ruben Feng Feng, Junjie Chen, and Hui Jing Wong, a flat rate of $80 per day for all hours worked, regardless of the number of hours they worked in a day or a workweek.

39. Defendants paid the kitchen staff, including Plaintiff YingYing Lei, $3,8000

monthly and for all hours worked, regardless of the number of hours they worked in a day or workweek.

40. Defendants paid Plaintiffs by check once per month.

41. Defendants did not pay Plaintiffs at the statutory minimum wage rate for all hours worked.

42. Defendants did not pay Plaintiffs overtime wages at one and one-half times their regular rates of pay for hours worked in excess of forty per workweek.

43. Defendants did not pay Plaintiffs spread-of-hours pay, an additional hour's pay at the basic minimum wage rate, on days when they worked shifts spanning more than ten hours.

44. Moreover, Defendants deducted a percentage of the gratuities earned by the tipped restaurant workers, including Plaintiffs Xu Jun Zhen, XingJie Dong, Katherine Yang, Ruben Feng Feng, Junjie Chen, and Hui Jing Wong. Defendants initially deducted approximately fifteen percent (15%) of the tipped restaurant workers' gratuities and later increased the deduction to approximately twenty-eight percent (28%) of their gratuities.

45. Additionally, Defendants also deducted a percentage of the gratuities if the tipped restaurant workers called out of work without a doctor's note. For calls outs for Monday to Thursday, 1% of tips were deducted for that week, and for call outs for Friday to Sunday, 2% of tips were deducted for that month.

46. Defendants did not furnish Plaintiffs with wage notices at the time of their hiring or when their rates of pay changed.

47. Defendants did not furnish Plaintiffs with accurate wage statements with each payment of their wages.

48. Had Defendants furnished Plaintiffs with wage notices at the time of their hiring or when their rates of pay changed, and with accurate wage statements with each

payment of their wages, Plaintiffs would have been able to determine that they were being paid incorrectly and complained to Defendants about their pay.

**Xu Jun Zhen's Hours Worked and Wages Paid**

47. Throughout her employment, Xu Jun Zhen typically worked five to six days per workweek, either a morning shift from approximately 11:30 a.m. to approximately 9:00 p.m. or a night shift from approximately 3:30 p.m. to approximately 12:00 a.m. or later, without a bona fide meal break.

48. Xu Jun Zhen typically worked approximately forty-seven to fifty-seven hours per workweek.

49. Throughout her employment, Defendants paid Xu Jun Zhen a flat rate of $80 per day for all hours worked, including for hours worked over forty per workweek, plus a reduced share of her gratuities.

50. Defendants paid Xu Jun Zhen once per month by check.

51. Most recently, Defendants deducted approximately twenty-eight percent of Xu Jun Zhen's gratuities.

**XingJie Dong's Hours Worked and Wages Paid**

52. Throughout his employment, XingJie Dong typically worked five to six days per workweek, either a morning shift from approximately 11:30 a.m. to approximately 9:00 p.m. or a night shift from approximately 3:30 p.m. to approximately 12:30 a.m. XingJie Dong sometimes worked both the morning and night shift in one day.

53. XingJie Dong typically worked approximately fifty to fifty-four hours per workweek.

54. Throughout his employment, Defendants paid XingJie Dong a flat rate of $80 per day for all hours worked, including for hours worked over forty per workweek, plus a reduced share of his gratuities.

55. Defendants paid XingJie Dong once per month by check.

56. Defendants initially deducted approximately fifteen percent of XingJie Dong's gratuities and later increased the deduction to approximately twenty-eight percent of his gratuities.

**Katherine Yang's Hours Worked and Wages Paid**

57. Throughout her employment, Katherine Yang typically worked five to six days per workweek, either a morning shift from approximately 11:30 a.m. to approximately 9:30 p.m. or later, or a night shift from approximately 3:30 p.m. to approximately 11:30 p.m. or later.

58. Katherine Yang typically worked approximately forty-five to sixty hours per workweek.

59. Throughout her employment, Defendants paid Katherine Yang a flat rate of $80 per day for all hours worked, including for hours worked over forty per workweek, plus a reduced share of her gratuities.

60. Defendants paid Katherine Yang on a biweekly basis by check.

61. Defendants deducted approximately twenty-eight percent of Katherine Yang's gratuities.

**Ruben Feng Feng's Hours Worked and Wages Paid**

62. Throughout his employment, Ruben Feng Feng typically worked five to six days per workweek, either a day shift from approximately 11:30 a.m. to approximately 9:00 p.m. or later, or a night shift from approximately 3:30 p.m. to approximately 12:00 a.m. or 1:00 a.m.

63. Ruben Feng Feng typically worked approximately sixty hours per workweek.

64. Throughout his employment, Defendants paid Ruben Feng Feng a flat rate of $80 per day for all hours worked, including for hours worked over forty per workweek, plus a reduced share of his gratuities.

65. Defendants paid Ruben Feng Feng once per month by check.

66. Defendants deducted approximately twenty-eight percent of Ruben Feng Feng's gratuities.

**Junjie Chen's Hours Worked and Wages Paid**

67. Throughout his employment, Junjie Chen typically works approximately five to six days per workweek on varying shifts. Junjie Chen typically works fifty to fifty-four hours per workweek.

68. Throughout his employment, Defendants have paid Junjie Chen a flat rate of $80 per day for all hours worked, including for hours worked over forty per workweek.

69. Defendants pay Junjie Chen once per month by check.

**YingYing Lei's Hours Worked and Wages Paid**

70. Throughout her employment, YingYing Lei typically worked six days per workweek, and sometimes seven days per workweek, from approximately 11:00 a.m. to approximately 9:30 p.m., and sometimes until approximately 11:00 p.m., at least sixty-three hours per workweek.

71. Throughout her employment, Defendants paid YingYing Lei a fixed salary of approximately $3,800 per month for all hours worked, including for hours worked over forty per workweek.

72. For approximately the first three months of her employment, Defendants paid YingYing Lei approximately $1,000 per month by check and the remainder of her monthly pay in cash, and thereafter paid her monthly pay by check.

**Hui Jing Wong Hours Worked and Wages Paid**

73. Throughout her employment, Hui Jing Wong typically worked six days per workweek, and worked a nine-and-a-half-hour shift per day, from 11:30 a.m. to 9:00 p.m. or 3:30 p.m. to 12:00 a.m., for approximately fifty-four hours per workweek.

74. Defendants paid Hui Jing Wong a flat rate of $80 per day for all hours worked, including for hours worked over forty per workweek, plus a reduced share of his gratuities.

75. Defendants paid Hui Jing once per month by check.

76. Defendants deducted approximately twenty-eight percent of Hui Jing Wong's gratuities.

**FIRST CLAIM**
**(NYLL – Unpaid Minimum Wages)**

77. Plaintiffs repeat and incorporate all foregoing paragraphs by reference.

78. Defendants are employers within the meaning of NYLL §§ 190(3), 651(6), and supporting New York State Department of Labor ("NYDOL") regulations, and employed Plaintiffs.

79. The NYLL and its supporting regulations, including 12 N.Y.C.R.R. § 146-1.2, required Defendants to pay Plaintiffs at least the basic minimum hourly rate for each hour worked. The basic minimum hourly wage rate in New York City was $16.50 per hour in 2025 and $17.00 per hour in 2026.

80. Defendants failed to pay Plaintiffs minimum wages for all hours worked.

81. Defendants willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiffs minimum wages.

82. As a result of Defendants' violations of the NYLL, Plaintiffs are entitled to recover their unpaid minimum wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs of the action.

**SECOND CLAIM**
**(FLSA – Unpaid Overtime Wages)**

83. Plaintiffs repeat and incorporate all foregoing paragraphs by reference.

84. Defendants are employers within the meaning of 29 U.S.C. §§ 203(d) and 207(a) and employed Plaintiffs.

85. Defendants were required to pay Plaintiffs one and one-half times their regular rates of pay for all hours worked in excess of forty per workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207.

86. Defendants failed to pay Plaintiffs the overtime wages to which they were entitled under the FLSA.

87. Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiffs the proper overtime wage rate.

88. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and did not make a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs.

89. As a result of Defendants' violations of the FLSA, Plaintiffs are entitled to recover their unpaid overtime wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs of the action.

**THIRD CLAIM**
**(NYLL – Unpaid Overtime Wages)**

90. Plaintiffs repeat and incorporate all foregoing paragraphs by reference.

91. Under the NYLL and its supporting NYDOL regulations, including 12 N.Y.C.R.R. § 146-1.4, Defendants were required to pay Plaintiffs one and one-half times their regular rates of pay for all hours worked over forty per workweek.

92. Defendants failed to pay Plaintiffs the overtime wages to which they were entitled under the NYLL and its supporting regulations.

93. Defendants willfully violated the NYLL and its supporting regulations by knowingly and intentionally failing to pay Plaintiffs overtime wages.

94. As a result of Defendants' willful violations of the NYLL, Plaintiffs are entitled to recover their unpaid overtime wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs of the action.

**FOURTH CLAIM**
**(NYLL – Unlawful Retention of Gratuities)**

95. Plaintiffs repeat and incorporate all foregoing paragraphs by reference.

96. NYLL § 196-d prohibits an employer, or its agent or officer, from demanding, accepting, or retaining, directly or indirectly, any part of the gratuities received by an employee, or retaining any part of a gratuity or of any charge purported to be a gratuity for an employee. *See also* 12 N.Y.C.R.R. § 146-2.18.

97. Defendants unlawfully demanded, accepted, and retained a portion of the gratuities earned by Plaintiffs Xu Jun Zhen, XingJie Dong, Katherine Yang, and Ruben Feng Feng and the other tipped restaurant workers, by deducting approximately fifteen percent, and later approximately twenty-eight percent, of their gratuities, in violation of NYLL § 196-d.

98. Defendants willfully violated the NYLL by knowingly and intentionally retaining a portion of the tipped Restaurant Workers' gratuities.

99. As a result of Defendants' violations of NYLL § 196-d, Plaintiffs are entitled to recover the amount of their unlawfully retained gratuities, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs of the action.

**SIXTH CLAIM**
**(NYLL – Unpaid Spread-of-Hours Pay)**

100. Plaintiffs repeat and incorporate all foregoing paragraphs by reference.

101. Defendants willfully failed to pay Plaintiffs additional compensation of one

hour's pay at the basic minimum hourly wage rate for each day on which they worked shifts spanning more than ten hours, in violation of the NYLL and its supporting NYDOL regulations, including 12 N.Y.C.R.R. § 146-1.6.

102. As a result of Defendants' willful violations of the NYLL, Plaintiffs are entitled to recover their unpaid spread-of-hours pay, pre- and post-judgment interest, and reasonable attorneys' fees and costs of the action.

**SEVENTH CLAIM**
**(NYLL – Untimely Payment of Wages)**

103. Plaintiffs repeat and incorporate all foregoing paragraphs by reference.

104. Plaintiffs were manual workers within the meaning of NYLL § 190(4), as the majority of their work duties consisted of physical labor.

105. Pursuant to NYLL § 191(1)(a), Defendants were required to pay Plaintiffs their wages on a weekly basis and not later than seven calendar days after the end of the week in which the wages were earned.

106. Defendants failed to pay Plaintiffs their wages on a weekly basis, and instead paid them on a monthly or biweekly basis.

107. As a result of Defendants' violations of NYLL § 191, Plaintiffs are entitled to recover liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs of the action, pursuant to NYLL § 198.

**EIGHTH CLAIM**
**(NYLL WTPA – Failure to Provide Wage Notices)**

108. Plaintiffs repeat and incorporate all foregoing paragraphs by reference.

109. The NYLL and WTPA require employers to provide all employees with a written notice of wage rates at the time of hire and whenever there is a change to an employee's rate of pay.

110. In violation of NYLL § 195(1), Defendants failed to furnish Plaintiffs, at the time of hiring and whenever their rates of pay changed, with wage notices containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and anything otherwise required by law.

111. Defendants' failure to comply with NYLL § 195(1) goes beyond mere technical violations. It is directly intertwined with and facilitated Defendants' practice and policy of not paying Plaintiffs their minimum and overtime wages due.

112. As part of their general practice and policy, Defendants did not provide Plaintiffs with any wage notice whatsoever, let alone the notice required under NYLL § 195(1), upon hire or when their pay rates changed. Defendants did this to conceal from Plaintiffs the regular and overtime rates they should have received. Had Plaintiffs received this information, they would have known that they were entitled to receive the statutory minimum wage for all hours worked at one and one-half times their regular rate for hours worked over forty per workweek, which would have allowed them to complain about Defendants' wage payment failures alleged here.

113. As a result of Defendants' violations of NYLL § 195(1), Plaintiffs are entitled to recover statutory damages and reasonable attorneys' fees and costs, pursuant to NYLL § 198(1-b).

**NINTH CLAIM**
**(NYLL WTPA – Failure to Provide Wage Statements)**

114. Plaintiffs repeat and incorporate all foregoing paragraphs by reference.

115. The NYLL and WTPA require employers to provide employees with an accurate wage statement with each payment of wages.

116. In violation of NYLL § 195(3), Defendants failed to provide Plaintiffs with a wage statement with each payment of wages accurately listing, *inter alia*, the dates of work covered by that payment of wages; the name of the employee; the name, address, and telephone number of the employer; the regular and overtime rate or rates of pay; the number of regular and overtime hours worked per pay period; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

117. Defendants' failure to comply with NYLL § 195(3) goes beyond mere technical violations. It is directly intertwined with and facilitated Defendants' practice and policy of not paying Plaintiffs their minimum and overtime wages due.

118. As part of their general practice and policy, Defendants paid Plaintiffs without accurate wage statements reflecting their true hours worked per workweek and their regular and overtime wage rates due, thereby preventing Plaintiffs from knowing whether they received all pay at the correct wage rates due for all hours worked per workweek.

119. As a result of Defendants' violations of NYLL § 195(3), Plaintiffs are entitled to recover statutory damages and reasonable attorneys' fees and costs, pursuant to NYLL § 198(1-d).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court:

a. declare that Defendants have violated the minimum wage provisions of the NYLL and supporting regulations;

b. declare that Defendants have violated the overtime wage provisions

of the FLSA, the NYLL, and supporting regulations;

c. declare that Defendants have unlawfully retained gratuities in violation of the NYLL and supporting regulations;

d. declare that Defendants have violated the spread-of-hours provision of the NYLL and supporting regulations;

e. declare that Defendants have failed to timely pay wages in violation of the NYLL;

f. declare that Defendants have violated the wage notice and wage statement provisions of the NYLL and WTPA;

g. declare that Defendants' violations of the FLSA and NYLL were willful;

h. award Plaintiffs unpaid minimum wages and unpaid overtime wages;

i. award Plaintiffs the amount of their unlawfully retained gratuities;

j. award Plaintiffs unpaid spread-of-hours pay;

k. award Plaintiffs liquidated damages pursuant to the FLSA and the NYLL;

l. award Plaintiffs statutory damages as a result of Defendants' failure to furnish them with wage notices upon hiring and accurate wage statements with each payment of wages, in violation of the NYLL and WTPA;

m. award Plaintiffs pre- and post-judgment interest under the NYLL;

n. award Plaintiffs reasonable attorneys' fees and costs of the action pursuant to the FLSA and the NYLL; and

o. award such other and further relief as the Court deems just and proper.

**JURY TRIAL DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury in this action.

Dated: New York, New York
October 8, 2026

PECHMAN LAW GROUP PLLC

By: ______________________________

Louis Pechman
Miguel Tapia Colin
Pechman Law Group PLLC
488 Madison Avenue, 17th Floor
New York, New York 10022
Tel.: (212) 583-9500
pechman@pechmanlaw.com
tapiacolin@pechmanlaw.com
*Attorneys for Plaintiffs*